IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JASON MANFREY                    :          CIVIL ACTION
                                 :
        v.                       :
                                 :
I-FLOW CORPORATION, et al.       :          NO. 09-0034

FILED
MAR - 9 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

MEMORANDUM & ORDER

McLaughlin, J.
                                          March 9, 2009

        The plaintiff in this case has alleged several causes
of action arising from injuries received during and after surgery
as a result of a faulty "pain pump" that delivered an anaesthetic
into his shoulder.   The defendants are manufacturers and
pharmaceutical companies allegedly responsible for testing and
developing the pain pump, as well as an employee of one
manufacturer, Leslie Hubbard Jacobson, who acted as a sales
representative for the defendant I-Flow.

        The plaintiff's first count is for simple negligence
against all defendants.   He claims all of the defendants had a
duty to warn health care providers and consumers of the risks and
dangers associated with the pain pump, which they violated by
failing to conduct tests on the device, manufacturing the device,
failing to disclose risks to the medical community and promoting
the device.   The second count is for negligent misrepresentation
by I-Flow and Jacobson, who allegedly knew or should have known
that they were misrepresenting their product as safe.   The third
count is for fraud and misrepresentation against I-Flow and

Jacobson, based on the same behavior.  The fourth count is a
strict product liability claim against I-Flow for placing the
pain pump in the stream of commerce.  The fifth count is a strict
liability failure to warn claim against I-Flow.  And the sixth
count is for punitive damages as to all defendants.

This case was originally filed in the Philadelphia
County Court of Common Pleas, Civil Division.  The defendants
removed the case to this Court on January 5, 2009, claiming that
the Court could exercise diversity jurisdiction over the matter
pursuant to 28 U.S.C. § 1332.  On the face of the plaintiff's
complaint, however, the parties are not completely diverse.  Both
the plaintiff and Leslie Hubbard Jacobson are citizens of
Pennsylvania.  The defendants claim that Jacobson is fraudulently
joined to this case and should be ignored for the purposes of
determining jurisdiction under § 1332.

The Court issued an Order on January 30, 2009,
requiring the parties to brief the issue of Jacobson's possible
fraudulent joinder.  Subsequently, the plaintiff also filed a
motion to remand this case to Pennsylvania state court on the
basis of this Court's lack of jurisdiction.  The issue has now
been fully briefed and the Court finds that the plaintiff has
stated a colorable claim against Jacobson.  Therefore, the Court
finds that complete diversity among the parties is absent and
will remand this case to the Court of Common Pleas.

The United States Court of Appeals for the Third Circuit has outlined the means of assessing whether a party is joined solely for the purpose of defeating the requirements of federal jurisdiction.

> [J]oinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.' A district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'

Boyer v. Snap-On Tools, 913 F.2d 108 (3d Cir. 1990)(citations omitted). A district court must be careful not to delve too deeply into the merits of a claim when determining whether a party's joinder was proper. "[B]ecause it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted, the district court [errs] in converting its jurisdictional inquiry into a motion to dismiss." In re Briscoe, 448 F.3d 201, 218 (3d Cir. 2006)(internal quotations omitted).

The plaintiff has sued Jacobson on the basis of her promotion, marketing and sale of the allegedly defective pain pumps. The complaint alleges that Jacobson made false statements

-3-

to physicians regarding the safety of the pain pumps while knowing that those physicians would rely on the allegedly false representations. Compl., ¶¶ 22-26.

The defendants have argued that the plaintiff cannot state a colorable claim against an employee-defendant on the basis of her employer's failure to provide adequate information. Defs' Br. at 7. The law of this Circuit contradicts that position. In Boyer v. Snap-On Tools Corp., the United State Court of Appeals for the Third Circuit reversed a grant of summary judgment entered by the district court and ordered that the case be remanded to state court. 913 F.2d 108 (3d Cir. 1990). In Boyer, the plaintiff had brought claims of, among others, fraud and deceit against both a corporation and two individual employees, a branch manager and a field manager. Id. The Court stated:

> [T]his is not a case where the action against the individual defendants is defective as a matter of law. . . . Under Pennsylvania law there is a cause of action against employees whose fraud and misrepresentations contributed to plaintiff's damages, even if these actions were taken in the course of their employment.

Id. at 111-12.[1]

---

[1]The defendants have argued that Boyer should be read to apply only to actions asserted against corporate officers who are joined as defendants. Boyer itself was not so limited; there is no indication in that opinion that either the branch manager or field manager was a corporate officer of Snap-On Tools Corporation.

-4-

Because the plaintiff has stated a colorable claim against the defendant Leslie Hubbard Jacobson, and because the presence of Jacobson as a defendant in this suit destroys complete diversity among the parties, the Court finds that it does not have jurisdiction over this matter.  The case will be remanded to the Court of Common Pleas.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JASON MANFREY                     :        CIVIL ACTION        FILED
                                  :
                                  :                            MAR - 9 2009
        v.                        :
                                  :                            MICHAEL E. KUNZ, Clerk
                                  :                            By_____Dep. Clerk
I-FLOW CORPORATION, et al.        :        NO. 09-0034

## ORDER

AND NOW, this 9th day of March, 2009, upon consideration of the plaintiff's motion to remand (Docket No. 21), the defendants' memorandum regarding fraudulent joinder (Docket No. 26), the defendants' opposition to the plaintiff's motion (Docket No. 28), the plaintiff's notice of supplemental authority in support of his motion to remand (Docket No. 34) and the defendants' response thereto, IT IS HEREBY ORDERED that the above captioned case is REMANDED to the Court of Common Pleas of Philadelphia County.  It is further ORDERED that the plaintiff's request for the award of fees is DENIED and that each side is to bear its own costs.

BY THE COURT:

MARY A. McLAUGHLIN, J.